UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STAR INSURANCE COMPANY,
SAVERS PROPERTY & CASUALTY
INSURANCE COMPANY, AMERITRUST
INSURANCE CORPORATION and
WILLIAMSBURG NATIONAL INSURANCE COMPANY,

          Plaintiffs,                 CASE NO: 14-12915
                                     HON. VICTORIA A. ROBERTS

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

          Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTIONS TO AMEND JUDGMENT PURSUANT TO RULE 59(E) AND STAY ARBITRATION PENDING APPEAL

**I.    Introduction**

This case is an insurance dispute between four members of the Meadowbrook Insurance Group ("Meadowbrook" or "Plaintiffs") and National Union Fire Insurance Company of Pittsburgh ("National Union").

On March 31, 2015, this Court granted in part, National Union's Motion to Confirm the Arbitration Awards. The Court confirmed the Arbitration Awards subject to possible modification of the prejudgment interest amount. Meadowbrook's Motion to Vacate, Modify and/or Correct Arbitration Awards was granted in part; the Court agreed there might be a miscalculation of the prejudgment interest amount. The Order stipulated that any dispute over the amount of interest and the rate at which it is calculated must be submitted to arbitration.

1

Both parties appealed. Two opposed motions are before the Court, both filed by National Union: (1) a Motion to Amend Judgment Pursuant to Rule 59(e); and (2) a Motion to Stay Arbitration Pending Appeal.

The Motions are **DENIED**.

## II.    Discussion

### A.    Motion to Amend the Judgment

A motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

As an initial matter, Meadowbrook's opposition is that National Union's Motion requests a decision on a matter already before the Court and should, therefore, be evaluated as a motion for reconsideration.  The Court disagrees.

Although National Union did say it would seek to amend the judgment at some point in the future, it did not request a different amount.  Dkt. 40, *National Union's Response in Opp. to Plaintiffs' Motion to Vacate, Modify and/or Correct Arbitration Awards*, p. 30 at n.11.  It said, "[s]hould this Court confirm the Awards, National Union will seek a judgment that includes the correctly calculated refund amount for the Covenant General Program."  *Id.*  The new dollar figure National Union now requests is based on backup calculations Meadowbrook provided after the Awards were issued.

National Union seeks an amendment to the judgment against Meadowbrook raising the amount from $17,903,667.52 to $19,559,658.94.  The new figure also

2

includes additional accrued interest.  Meadowbrook disagrees with this calculation and says National Union's request to award prejudgment interest ignores the Court's direction to submit this dispute to arbitration.

Meadowbrook says National Union's Motion to Amend fails to satisfy requirements under Rule 59(e).  Meadowbrook also says the matter should be arbitrated and it is inappropriate for the Court to determine the amount.

Meadowbrook says the Final Award directed it to calculate liability within 14 days and submit the results to National Union.  Meadowbrook says it submitted its computations within the time period.  According to Meadowbrook, National Union agrees with the computations on two of the programs but takes issue with the third - Covenant General.  Meadowbrook says the Court cannot decide whose computations are correct and that there is no basis for the Court to increase the award based only on National Union's calculations.

National Union is entitled to prejudgment interest for the loss of use of funds. Since the parties are unable to agree on the amount of interest, they must submit the issue to arbitration.  (Doc. #47).  Accordingly, National Union's request to amend the judgment to $19,559,658.94 is denied.

In the alternative, recognizing that the Court has not confirmed the amount of prejudgment interest, National Union asks the Court to enter a final judgment for $13,548,612.31 which it says corrects the principal damage calculation for the Covenant General Program and includes post-judgment interest on the unpaid principal amount as well as attorneys' fees.

3

Meadowbrook says the alternative judgment is improper because it confirms amounts under the Covenant General program that have not been determined by arbitration.

In its reply, National Union says the amount of the Covenant General refund was addressed in arbitration; all that was left outstanding is an accounting calculation for Covenant General. National Union says the Arbitration Panel's reliance on a formula rather than a fixed amount does not render the award amorphous or unenforceable. National Union relies on *Bituminous Cas. Corp. v. Lynn*, 503 F.2d 636, 646 (6th Cir. 1974) for the proposition that a claim can be liquidated when the amount can be readily ascertained by a formula in a contract and none of the facts is in dispute.

*Bituminous,* as well as the non-binding authority cited by National Union, is distinguishable; the calculations and backup material are disputed and the documentation in question was not before the Arbitration Panel.

National Union's Motion to Amend the Judgment is **DENIED**.

## B.     Motion to Stay Arbitration

National Union asks the Court to stay Meadowbrook's arbitration demand pending the parties' cross-appeals in the Sixth Circuit.

When deciding whether to grant a motion to stay pending appeal, the Court balances the traditional factors governing injunctive relief: "(1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested

4

parties; and (4) where the public interest lies." *Baker v. Adams Cty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002). The party requesting the stay must demonstrate a likelihood of success on the merits "to a degree inversely proportional to the amount of irreparable harm that will be suffered if a stay does not issue.*" Family Trust Found. of Kentucky, Inc. v. Kentucky Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004). In order to justify a stay, the party must demonstrate "at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted." *Id.* (citations omitted).

### 1.    Likelihood of Success on the Merits

National Union says it is likely to succeed on the merits because the Court made two errors: (1) it exceeded the scope of its authority under Michigan Arbitration Law ("MAL") by directing the parties to arbitrate an issue the Arbitration Panel already resolved; and (2) because there was no miscalculation of interest that was "clearly evident" on the face of the Final Award, the Court should have confirmed the Arbitration Panel's interest award.

National Union says the arbitration demand seeks to resolve: (1) the amount of pre-judgment interest; and (2) the amount of refund due under the Covenant General program. National Union contends that the interest awarded by the Arbitration Panel was correct and the amount due under the Covenant General program was already confirmed by this Court.

National Union says the parties already arbitrated what funds and what interest is owed under the reinsurance treaty and the Court should have either confirmed, vacated or modified the Awards. National Union says the Court should not have ordered the

5

parties to enter a new arbitration.

Meadowbrook disagrees.  Meadowbrook's position is that the amount owed under Covenant General is a new dispute.  The Arbitration Panel did not quantify the specific amount owed and left it to the parties to calculate.  Meadowbrook argues that a stay is inappropriate since the amount of the Covenant General program must be settled before the interest dispute can be fully resolved; interest cannot be computed on an unknown amount.

Additionally, Meadowbrook says the Awards failed to provide guidance as to the calculation and amount of prejudgment interest on the principal amount of the award. Meadowbrook says the Court did not have a factual basis on which to render a judgment concerning prejudgment interest.

As described in the Court's prior order (Doc. #47), the parties entered a reinsurance agreement ("Treaty") in which National Union agreed to insure certain claims against Meadowbrook for losses in excess of $100,000 up to $250,000.  The parties later agreed to expand the Treaty to allow other entities, referred to as quota share partners, to share some of the premium and loss on some of the agreements. The parties dispute the nature of this relationship and how it relates to the first $100,000 of loss.  The Interim Final Award awarded damages based only on amounts capable of immediate calculation.  (Doc. #47, p. 3).  But the Interim Final Award also declared that National Union would not be liable for any program in which Meadowbrook produced insufficient documentation to allow National Union to verify the percentage of retained risk.  To finalize damages, Meadowbrook was ordered to prepare a list of retained risk and supporting documentation.

6

In paragraph 1(ii) of the Final Award, the Arbitration Panel found that Meadowbrook failed to produce sufficient documentation to verify participation for three programs; (1) American Feed; (2) Careamerica; and (3) Covenant General. Meadowbrook was given fourteen days to calculate National Union's liability for losses using the formula provided in Paragraph 7 of the Interim Final Award. Meadowbrook was ordered to provide support for its calculations.

Although the Arbitration Panel found in favor of National Union, it did so in part because Meadowbrook failed to produce documentation. The documentation that Meadowbrook eventually produced was never reviewed by the Arbitration Panel. Therefore, both parties are correct. The Arbitration Panel did broadly determine that National Union is not liable for losses under these programs; however, as Meadowbrook points out, the supporting documentation underpinning the Awards and ultimate monetary number was never reviewed and determined.

The Court finds that the first factor is not met; National Union has not shown the Court exceeded the scope of its authority by directing the parties to arbitrate an issue the Arbitration Panel already resolved. Additionally, although National Union says there was no evident miscalculation of interest that was "clearly evident" on the face of the award, this Court previously held the opposite. Doc. # 47 at p. 14 ("To the extent prejudgment interest was awarded in excess of loss of use, that constitutes an evident miscalculation and must be corrected."). The Court believes reversal is unlikely.

The first factor weighs against a stay.

7

## 2.      Whether National Union Will Suffer Irreparable Harm

In evaluating whether a party faces irreparable harm, the Court evaluates: (1) the degree of injury; (2) the likelihood that such injury will occur; and (3) the proof provided. *Dorinco Reinsurance Co. v. Ace Am. Ins. Co.*, No. 07-12622, 2008 WL 623865, at *2 (E.D. Mich. Mar. 5, 2008) citing *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991).

National Union says proceeding in front of a different arbitration panel will expose it to irreparable harm because the results could be inconsistent.  National Union says the Sixth Circuit will decide whether additional arbitration proceedings are appropriate. National Union says it will be required to invest significant time and resources in a second arbitration which may be 'superfluous' if successful on appeal.  National Union says Meadowbrook is also seeking to add a new dispute to be arbitrated: the amount of the underlying refund due for the Covenant General program.  National Union says that amount has already been confirmed.  National Union says proceeding with this new scope for arbitration will cause irreparable harm to it.

Meadowbrook says arbitrating the Covenant General calculations is not superfluous because neither the Arbitration Panel nor the Court adjudicated the issue. Meadowbrook says even if the Sixth Circuit reverses the Court's decision not to confirm the interest portion of the Awards, the Awards do not specify how interest must be calculated; leaving the Court with no information on which to enter a judgment.

National Union fails to demonstrate that arbitration will cause it irreparable harm. The cost of additional arbitration does not rise to the level of irreparable harm.  *Id.* at *3. *See also*, *Graphic Commc'ns Union, Chicago Paper Handlers' & Electrotypers' Local*

8

*No. 2 v. Chicago Tribune Co.*, 779 F.2d 13, 15 (7th Cir. 1985) (noting that if it were otherwise every order to arbitrate would create irreparable harm, and it would be easy to get such orders stayed, in contravention of strong federal policy in favor of arbitration).

The second factor weighs against a stay.

### 3.    Whether a Stay will Substantially Injure other Parties

National Union says Meadowbrook will not be harmed by a stay of its new arbitration because it will save Meadowbrook expense and because it also filed an appeal with the Sixth Circuit.

Meadowbrook does not discuss this factor.  The Court finds this factor weighs against a stay; Meadowbrook has an interest in having the dispute ultimately resolved and argues that a stay will only prolong the matter.

### 4.    Public Interest

National Union says the public interest factor favors a stay because arbitration is intended to be a quick and final resolution by which the parties are bound.

Meadowbrook agrees that arbitration should be quick and says that is why a stay should not be granted; a stay will only lead to more delays.  Additionally, a stay will not lead to a final resolution because without further arbitration over interest calculations, the Court lacks information to enter a judgment.

The Court agrees that the public interest factor weighs in favor of denying the stay, especially considering the deference accorded to valid arbitration provisions. "Arbitration is meant to be a quick and final resolution by which parties are bound. Moreover, an action to confirm the award should be a summary proceeding, not a

9

proceeding in which the defendant seeks affirmative relief." *Prof'l Administrators Ltd. v. Kopper-Glo Fuel, Inc.*, 819 F.2d 639, 642 (6th Cir. 1987).

National Union's Motion to Stay Arbitration Pending Appeal is **DENIED**.

### 5.      Summary

National Union's Motion to stay arbitration is **DENIED**.  The parties entered into a valid arbitration agreement which encompasses this dispute.  National Union has not shown a substantial likelihood of success on the merits.  Nor has it shown that it will face any harm other than possible unnecessary costs.  Potential costs and the possibility of reversal on appeal is not enough to stay arbitration and overcome Meadowbrook's interest in resolving this dispute.

## III.   Conclusion

National Union's Motion to Amend Judgment Pursuant to Rule 59(E) (Doc. # 54) and Motion to Stay Arbitration Pending Appeal (Doc. #61) are **DENIED**.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 27, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 27, 2016.

s/Linda Vertriest
Deputy Clerk